James **FLOWERS**, Appellant,

v.

Donald **WYRICK** and John
**Ashcroft**, Appellees.

No. 83–1688.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1983.

Decided April 25, 1984.

Lewis, Rice, Tucker, Allen & Chubb, Thomas M. Newmark, Ira M. Berkowitz, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY and McMILLIAN, Circuit Judges, and COLLINSON,* Senior District Judge.

HEANEY, Circuit Judge.

James Flowers pled guilty to a charge of felonious assault with malice aforethought in violation of Mo.Rev.Stat. § 559.180 (1969). He was sentenced by a Missouri state court judge to a term of twenty years. Thereafter, he sought to have the conviction and sentence set aside. These motions were denied by the Missouri trial court and no appeal was taken. Two years later he filed a second state post-conviction motion, alleging, among other things, incompetency of counsel. The Supreme Court of Missouri ultimately granted Flowers a hearing on this motion. *Flowers v. State,* 618 S.W.2d 655 (Mo.1981) (en banc). On remand, the trial court held that Flow-

---

* The Honorable William R. Collinson, Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

ers' counsel at the post-conviction hearing had abandoned him and had failed to take an appeal. The court vacated the earlier judgment overruling Flowers' first motion to vacate and entered a new judgment overruling that motion, thus allowing Flowers the opportunity to file a timely appeal. The Missouri Court of Appeals affirmed the denial of the first post-conviction relief motion. *Flowers v. State*, 632 S.W.2d 307 (Mo.App.1982). Flowers then sought federal habeas corpus relief in the United States District Court for the Eastern District of Missouri. That court denied relief, and we affirm.

Flowers raises three issues on appeal.

**(1) The state sentencing court was without jurisdiction to entertain his guilty plea or to sentence him to twenty years imprisonment because the offense for which he was convicted and sentenced materially deviated from the offense originally charged.**

Flowers was originally charged with felonious assault without malice aforethought in the shooting of a state trooper. After the venue was changed from New Madrid to Mississippi County, the prosecuting attorney filed an information charging him with felonious assault with malice aforethought. No preliminary hearing was held on this charge. Flowers contends that because he did not waive a preliminary hearing to the new charge, the Circuit Court of Mississippi County was without jurisdiction to accept a guilty plea pursuant to that charge.

▪▪▪ There are two difficulties with this argument. First, it is raised for the first time on this appeal. Thus, it is not reviewable here. *Houston v. Housewright*, 678 F.2d 757, 759 (8th Cir.1982); *Williams v. State of Missouri*, 640 F.2d 140–143 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Second, by pleading guilty Flowers waived any objections to the failure to give him a preliminary hearing. *See State v. Wood*, 596 S.W.2d 394, 400 (Mo.) (en banc), *cert.*

*denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *Bryant v. State*, 604 S.W.2d 669, 678 (Mo.App.1980) (objection to lack or adequacy of preliminary hearing waived when defendant goes to trial). For these reasons we will not reach Flowers' argument concerning the state trial court's jurisdiction.

**(2) Flowers' guilty plea was not voluntarily or knowledgeably made.**

This argument is a serious one which must be carefully considered. The initial charge against Flowers, felonious assault without malice aforethought, carried a maximum penalty of five years. Felonious assault with malice aforethought, the offense to which Flowers pled guilty, carried a maximum penalty of life.

Before the plea, the court read Flowers the charge and told him that the maximum penalty was life. He was not told that the charge to which he was pleading was different than the initial charge. He was fully informed of his right to a jury trial, his right to confront witnesses, and his right to have the jury fix punishment. In response to questions from the court, he stated that no promises or threats had been made to induce his plea of guilty, and he had not been mistreated. After stating that he wanted the court to accept his guilty plea, the following colloquy occurred.

THE COURT: All right. Mr. Prosecutor, tell me briefly what the facts were.

MR. HUNTER: Your Honor, these two men were arrested by Officer Campbell, Trooper Campbell, who was in uniform, as they were about to cross the ferry, what we call the Tiptonville Ferry at Portageville. They were being sought on an investigation for an armed robbery in Pemiscot County. They came up in, I believe it was, a taxicab, and the trooper went up to the car and got them out and put them in his car and started to search them and handcuff them, and as he went to handcuff the older one, James, James pulled a pistol from his belt and turned around and fired at the trooper and he

struggled over the gun and fired at the trooper, one bullet striking the trooper, and the trooper got his gun out and there was an exchange of shots, and in the meantime James and Bernie were hitting the trooper and the ferry was at the landing and the deckhand on the ferry came up to give assistance to the trooper. The deckhand happened to have a pistol and he rendered assistance, and at that time they were both subdued and they were taken into custody.

THE COURT: James, are those the facts?

JAMES FLOWERS: Yes, sir.

THE COURT: Did you have a pistol?

JAMES FLOWERS: Yes, sir.

THE COURT: Did you fire it at the patrolman?

JAMES FLOWERS: Yes sir, but it was a struggle over the pistol when it went off.

Flowers argues in substance that his plea was not voluntary for two reasons: (a) He was not informed of the essential difference between the first charge and the second one, i.e., that while under the first charge malice aforethought is not required and the maximum sentence was five years, under the second charge malice aforethought is required and the maximum penalty is life. (b) That the judge should have refused to accept his plea when he stated that the pistol went off during a struggle, thus indicating a lack of malice on his part.

■ It certainly would have been better had the trial judge taken the time to carefully advise Flowers of the differences between the first and the second charge, but we cannot say that the state court and the federal district court clearly erred in holding that, notwithstanding this lapse, Flowers understood that he was being charged with a crime that required malice and carried a maximum penalty of life. The trial court made those points clear and Flowers' counsel was present during the entire proceedings.

■ It also would have been better had the trial court examined Flowers further after his equivocal answer to the question relating to the circumstances under which he shot the police officer. It is hard to believe that the police officer placed Flowers and his brother in the patrol car without searching them; but that appears to be the prosecutor's statement in the record. It is also undisputed that Flowers pulled the gun from his belt. This act demonstrates the necessary malice even if Flowers' statement that the gun went off during a subsequent struggle was true. *See State v. Bevineau,* 460 S.W.2d 683, 687 (Mo.1970).

**(3) Flowers' guilty plea was induced by repeated beatings during incarceration.**

■ The state court and the district court found that the beatings, if any, occurred while Flowers was being held in New Madrid County, and that he was transferred to Mississippi County and held there for more than 60 days before he pled guilty. They also found that there were no allegations of mistreatment in Mississippi County. We would add that we have carefully reviewed the entire record and find no evidence or allegations that would indicate that the alleged mistreatment at the New Madrid jail induced Flowers to make any statements implicating him in the assault or that the alleged coercive conduct carried over to the confinement in Mississippi County.

For all of the stated reasons, we affirm the district court.