**Richard Donald JOHANSON, Appellant,**

v.

**Orville PUNG and the Attorney General of the State of Missouri, Appellees.**

**No. 85–5312.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided June 26, 1986.

Cecilia M. Michel, Minneapolis, Minn., for appellant.

Steven C. DeCoster, St. Paul, Minn., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HANSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Richard Donald Johanson appeals from a final order entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2254 petition for habeas corpus relief. *Johanson v. Pung*, No. Civ. 4–85–198 (D.Minn. July 19, 1985) (order). For reversal Johanson argues that he was denied due process of law because (1) the self-defense instructions given by the state trial court improperly included the duty to retreat and (2) the prosecuting attorney's closing arguments were misleading and inflammatory and contained his personal opinions about the credibility of prosecution and defense witnesses. Johanson also argues that the law of self-defense at the time of trial was different from the law of self-defense as it existed at the time of the offense and that application of the changed law of self-defense is an *ex post facto* violation.

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Miles W. Lord, United States Senior District Judge for the District of Minnesota. Judge Lord has since retired.

For the reasons discussed below, we affirm the order of the district court.

In January 1978 Johanson and a neighbor named Steave were involved in a fight in Johanson's apartment. During the fight Johanson stabbed Steave several times, and Steave sustained several serious knife wounds. While another neighbor helped Steave, Johanson and his wife disappeared. Johanson was not prosecuted until about 18 months later when Steave saw Johanson walking down a street and notified police. Johanson was charged with two counts of aggravated assault and was found guilty by a jury of both counts. He later failed to appear for sentencing and, after being taken into custody, was sentenced to 54 months imprisonment. His conviction was affirmed on direct appeal by the Minnesota Supreme Court. *State v. Johanson*, 358 N.W.2d 64 (Minn.1984).

Johanson then filed this petition for writ of habeas corpus. The district court denied the petition and this appeal followed.

Johanson first argues that he was denied due process of law because the self-defense instructions given by the state trial court improperly included the duty to retreat. Johanson argues the state trial court should have given a pattern instruction, Minn.Crim.Jury Instruction Guide No. 7.08, which did not include the duty to retreat. Johanson also argues that the self-defense instructions should have expressly included the so-called "castle doctrine," under which he would not have been subject to the duty to retreat because the assault had occurred in his home.

We agree with the district court that the self-defense instructions given by the state trial court did not deny Johanson due process of law. Johanson raised the question of the sufficiency of the self-defense instructions on direct appeal to the Minnesota Supreme Court. The Minnesota Supreme Court found that the self-defense instructions were adequate as a matter of state law. 358 N.W.2d at 65. The self-de-

fense instructions given by the state trial court were consistent with the law of self-defense in Minnesota [2] and were supported by the evidence. Under these circumstances, Johanson has not raised a ground for relief cognizable in a federal habeas corpus proceeding. *See, e.g., Tyler v. Wyrick*, 635 F.2d 752, 753 (8th Cir.1980) (per curiam), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981); *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir.1979) (per curiam).

Johanson also argues that the law of self-defense at the time of trial was different from the law of self-defense as it existed at the time of the offense and that application of the changed law of self-defense is an *ex post facto* violation. This argument is raised for the first time in this appeal and thus is not reviewable on appeal. *See, e.g., Flowers v. Wyrick*, 732 F.2d 659, 660 (8th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 164, 83 L.Ed.2d 100 (1984).

Johanson next argues that he was denied due process of law because the prosecuting attorney's closing arguments were misleading and inflammatory and contained his personal opinions about the credibility of prosecution and defense witnesses. We agree with the district court that the prosecuting attorney's closing arguments did not constitute constitutional error, whether considered singularly or cumulatively. *See, e.g., Ellis v. Black*, 732 F.2d 650, 657-58 (8th Cir.1984). We further note that the Minnesota Supreme Court reviewed the prosecuting attorney's closing arguments and found no plain error. *State v. Johanson*, 358 N.W.2d at 65.

Accordingly, the order of the district court is affirmed. Our affirmance is without prejudice to the *ex post facto* claim.

---

**2.** The confusion involving the law of self-defense in Minnesota and the original and amended versions of Minn.Crim.Jury Instruction

Guide No. 7.08 is explained in *State v. Duke*, 335 N.W.2d 511, 515 (Minn.1983). *See also State v. Jones*, 271 N.W.2d 534 (Minn.1978).