**Michelle RUMBLE, Appellant.**

v.

**Don SMITH, Warden, Appellee.**

**No. 89–1480.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided May 29, 1990.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

Patrick L. King, Jefferson City, Mo., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

1. *State v. Rumble,* 680 S.W.2d 939 (Mo.1984) (en banc).

STROM, District Judge.

Michelle Rumble was convicted, following a jury trial, of felony murder and sentenced to life imprisonment. Her conviction was affirmed by the Missouri Supreme Court.[1] The United States District Court for the Eastern District of Missouri, Eastern Division,[2] denied Rumble's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On appeal from the district court order denying habeas corpus relief, Rumble raises two points: 1) she was denied due process when she was indicted with capital murder, but convicted of felony murder when she had no notice of her alleged participation in the commission of the predicate offense (felony robbery); and 2) she was denied due process when the state court refused to instruct the jury on the defense of duress. We affirm.

## I. BACKGROUND

Michelle Rumble was a prostitute who began providing the decedent, Lelvin Mattingly, with sexual services in July, 1981. Rumble provided sexual services for several months, during which time she and her boyfriend, Kennard Keys, devised a plan to rob Mattingly. The plan called for Rumble to ask Mattingly to take her to Eads Park for the customary sexual services where Keys would rob him instead. The plan was effectuated on September 3, 1981, with Keys stealing approximately $300 to $350 in cash from Mattingly while stabbing him sixteen times, killing him with a wound through the heart. After killing and robbing Mattingly, Rumble and Keys fled the scene in Mattingly's car. They later abandoned the car after attempting to wipe it clean of any fingerprints.

Rumble was indicted for capital murder in violation of Mo.Rev.Stat. § 565.001 (1979) which provides:

Any person who unlawfully, willfully, knowingly, deliberately, and with pre-

2. The Honorable William L. Hungate, District Judge, presiding.

meditation kills or causes the killing of another human being is guilty of the offense of capital murder.

Rumble's primary defense to this charge was that she did not know in advance that her boyfriend intended to murder Mattingly. At trial, the jury was also instructed on first degree (felony) murder under Mo.Rev. Stat. § 565.003 (1979) which provides:

Any person who unlawfully kills another human being without a premeditated intent to cause the death of a particular individual is guilty of the offense of first degree murder if the killing was committed in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping.

Rumble was convicted of first degree murder. Rumble argues that it was constitutional error in a capital murder case to instruct the jury on first degree murder because first degree murder was not separately charged and is not a lesser included offense within capital murder. Rumble incorporates in her argument that her due process rights were violated because the instructing on a charge of which she was not indicted did not place her on notice. Rumble also argues that the Missouri state court erred in refusing to give an instruction to the jury on the defense of duress.

## II. DISCUSSION

### A. Felony Murder Instruction

Rumble's trial occurred from July 28 to August 3, 1982. At the time of trial, Missouri law provided that it was reversible error to fail to instruct on first degree (felony) murder when the evidence supported its submission, even though the defendant was indicted on capital murder. *See State v. Daugherty*, 631 S.W.2d 637, 645 (Mo.1982). *See also State v. Gardner*, 618 S.W.2d 40, 41 (Mo.1981). Subsequent

to Rumble's trial and conviction, but while on direct appeal,[3] the Missouri Supreme Court decided the case of *State v. Baker*, 636 S.W.2d 902 (Mo.1982) (en banc), *cert. denied*, 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983). In *Baker*, the Court stated that under Missouri law, a jury cannot be instructed on first degree murder in a capital murder case unless first degree murder is separately charged because first degree murder is not a lesser included offense of capital murder.[4] *Id.* at 904. Specifically, the Court reasoned:

First degree murder in Missouri requires proof of commission of a felony; capital murder does not. Therefore, first degree murder is not a lesser included offense of capital murder on their elements.

*Id.* The Court held it was not error, when only capital is charged, to fail to submit a first degree murder instruction. The Court rejected the argument that the trial court erred in failing to give an instruction on first degree murder.

In *State v. Goddard*, 649 S.W.2d 882 (Mo. banc), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983), the defendant was convicted of first degree murder in violation of Mo.Rev.Stat. § 565.003 (1979) and sentenced to life imprisonment. On appeal to the Missouri Supreme Court, the defendant argued that, because he was charged with capital murder, it was reversible error for the trial court to give the jury a first degree murder instruction because he was not charged with first degree murder. In support of his contention, the defendant cited *State v. Baker*, 636 S.W.2d 902 (Mo.1982) (en banc). The Court rejected the defendant's argument holding that its decision in *Baker*, which was decided subsequent to defendant's trial, was not to be applied retroactively but applied prospectively only. 649 S.W.2d at 889. The

---

**3.** Rumble's conviction was affirmed by the Missouri Supreme Court on November 20, 1984.

**4.** Holding that first degree murder was not a lesser included offense of capital murder, the Court referred to Mo.Rev.Stat. § 556.046 (1979) which provides in part:

1. A defendant may be convicted of an offense included in an offense charged in the

indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged....

This statute became effective January 1, 1979.

Court stated that the defendant was not denied due process as he was on clear notice at the time of trial that he could be convicted of first degree murder, even though he was only formally charged with capital murder.

Rumble argues that *State v. Baker* should be applied to her case retroactively, and in support of this contention, cites *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Griffith,* the Supreme Court was confronted with the application of its decision in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), wherein it held that a prosecutor's use of preemptory challenges in a state criminal case to strike members of the defendant's race from the jury venire could establish a prima facie case of racial discrimination in violation of the Fourteenth Amendment. The Supreme Court held that its ruling in *Batson* was applicable to cases pending on direct state or federal review or not final when *Batson* was decided.

■ Rumble's reliance on *Griffith v. Kentucky* for the proposition that the failure of the Missouri Supreme Court to apply *Baker* retroactively serves as a basis for habeas corpus relief is misplaced. The law at the time of her trial clearly held that, not only was it proper to give the felony murder instruction, but it was reversible error to fail to give the instruction when the evidence supported its submission. The propriety of jury instructions given under state law generally does not provide a basis for federal habeas corpus relief unless there exists constitutional error. *See Johanson v. Pung,* 795 F.2d 48, 49 (8th Cir. 1986). Rumble was aware of the law in Missouri at the time of her trial, and her argument that she had no notice of the potential use of the first degree murder instruction is clearly without merit.[5] The

Missouri Supreme Court has specifically stated that its decision in *Baker* is to be applied prospectively only. Rumble was in no way prejudiced by the giving of the instruction on first degree murder, and the denial by the Missouri Supreme Court of applying *Baker* retroactively to her case does not warrant federal habeas corpus relief. Accordingly the denial by the district court of Rumble's petition for writ of habeas corpus was not in error.

**B. Defense of Duress**

■ Rumble argues that she was denied due process when the state court failed to give a jury instruction on the defense of duress. Missouri statutory law provides that duress is not an available defense to murder. Specifically, Mo.Rev.Stat. § 562.071 (1979) provides:

1. It is an affirmative defense that the defendant engaged in the conduct charged to constitute an offense because he was coerced to do so, by the use of, or threatened imminent use of, unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist.

2. The defense of "duress" as defined in subsection 1 is not available:

(1) As to the crime of murder;

(2) As to any offense when the defendant recklessly places himself in a situation in which it is probable that he will be subjected to the force or threatened force described in subsection 1.

Rumble argues that she was denied due process because she did not have fair notice that the defense of duress was not available to a felony murder charge. Rumble alleges that, at the time of her trial, it was unclear under Missouri law whether first degree (felony) murder was included within

5. Rumble filed a post-conviction petition under Missouri Supreme Court Rule 27.26 on September 20, 1985, alleging, *inter alia,* that she was denied effective assistance of counsel because her attorney failed to object to the first degree murder instruction on the ground that first degree murder was not a lesser included offense of capital murder. After an evidentiary hearing, the state court held she was not denied

effective assistance of counsel because at the time of trial, Missouri law allowed first degree murder to be given as a lesser included offense of capital murder. At the evidentiary hearing, her attorney stated that he fully expected that a felony murder instruction would be given at trial as it was his understanding that the giving of such an instruction was proper.

the contemplation of "murder" as defined in the Missouri statute.

In *State v. Clark*, 652 S.W.2d 123 (Mo. 1983) (en banc), the Missouri Supreme Court stated that the felony murder rule does not make the underlying felony an element of the felony murder; it merely provides an additional means of providing the requisite felonious intent for murder. *Id.* at 126. Specifically, the Court stated:

> The felony murder rule permits the felonious intent necessary to a murder conviction to be shown by the perpetuation of or attempt to perpetrate a felony. Proof of intent to commit the underlying felony raises a conclusive presumption that the defendant possessed the necessary felonious intent to support conviction for the resulting murder, *i.e.*, intentional, wilful, and premeditated, with malice aforethought, if felony murder, second degree, is charged, or these plus deliberation if felony murder, first degree is charged.

*Id.* (citing *State v. Jenkins*, 494 S.W.2d 14 (Mo.1973); *State v. Jasper*, 486 S.W.2d 268 (Mo.1972) (en banc)). Missouri law specifically provides that whether a killing amounting to murder is committed so that proof of its elements is constructively presumed, as in felony-murder, rather than directly, it is nonetheless murder. *State v. Jewell*, 473 S.W.2d 734, 739 (Mo.1971).

Rumble's argument that she was denied due process of law by not being afforded the defense of duress or provided with notice of the lack of this defense is without merit. Missouri law provides that, even, though the intent is constructively presumed in felony murder, the killing is nevertheless a "murder." Mo.Rev.Stat. § 562.071 (1979) provides that duress is not available to a charge of murder. As Missouri case law provides that "murder" encompasses both felony and capital murder, Rumble has not been denied due process as she was on fair notice that the defense of duress was not available to her at trial, and there exists no constitutional violation in this case which would warrant the Court in entertaining an application for a writ of habeas corpus. *See Wainwright v. Goode*, 464 U.S. 78, 83–84, 104 S.Ct. 378, 381–382, 78 L.Ed.2d 187 (1983). The Missouri Supreme Court correctly pointed out on Rumble's direct appeal that Mo.Rev.Stat. § 562.071(2) "in unmistakably clear language declares that duress is not a defense to the crime of murder—any murder." *State v. Rumble*, 680 S.W.2d 939, 942 (Mo. 1984) (en banc). Accordingly, the district court did not commit error in denying Rumble's petition for writ of habeas corpus.

The judgment of the district court is affirmed.

