In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2273

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARCUS A. BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-CR-324-15—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED FEBRUARY 18, 2009—DECIDED JULY 8, 2009

Before ROVNER, EVANS, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* After being charged with several counts of drug-related offenses, Marcus Brown entered into a plea agreement with the government. Under the agreement, if Brown pleaded guilty to one conspiracy count and fully cooperated, the government would move to dismiss the remaining counts and reduce Brown's sentence. The district court accepted Brown's guilty plea and sentenced him in accordance with the terms of

the plea agreement. Nonetheless, Brown now argues that the record is ambiguous as to whether the district court accepted the agreement. Brown requests a remand to determine if the court actually intended to reject the agreement, in which case Brown is entitled to withdraw his guilty plea. We conclude that the district court's acceptance of Brown's plea agreement was unambiguous and, accordingly, dismiss Brown's appeal.

## I. Background

Between 2003 and 2006, Brown participated in a drug distribution operation based out of a Chicago housing complex. The government obtained an indictment against Brown and thirty-nine other individuals involved in the operation, particularly charging Brown with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, 50 grams of crack cocaine, and 1 kilogram of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute 3.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The indictment also contained a forfeiture allegation against all property derived from or used to facilitate the drug offenses. In three other cases that are not the subject of this appeal, the government charged Brown with additional crack cocaine distribution offenses.

Brown and the government entered into a plea agreement requiring Brown to plead guilty to the conspiracy count, resulting in an anticipated sentencing range of 292-365 months under the Sentencing Guidelines. In exchange, the government would move to dismiss the

possession count and forfeiture allegation in this case, as well as all counts against Brown in the other three cases. In addition, if Brown fully cooperated by providing complete and truthful information in the other cases, the government would move under U.S.S.G. § 5K1.1 for a sentence at 66% of the minimum Guidelines range. If the government determined that Brown had not fully cooperated and declined to move for a § 5K1.1 reduction, Brown could not withdraw his guilty plea. Finally, the plea agreement required Brown to waive his right to appeal his conviction or sentence.

The district court held a hearing to accept Brown's guilty plea to the conspiracy count. The court reviewed and explained the terms of the plea agreement, which Brown indicated that he understood. The court also told the parties that it would order the Probation Department to prepare a Presentence Investigation Report ("PSR") to assist the court in sentencing. The court would hear any objections to the PSR's sentencing calculations before imposing a final sentence. At no point during the hearing did the court explicitly accept or reject the plea agreement.

Brown later decided that he wanted nothing to do with the plea agreement. He filed a pro se motion to withdraw his guilty plea on the ground that his appointed counsel had misrepresented the terms of the plea agreement and coerced him into pleading guilty. The court denied the motion without prejudice and appointed new counsel. Through his new counsel, Brown filed a second motion to withdraw his plea, arguing that he

entered the plea before receiving a final copy of the plea agreement describing the full offense conduct attributed to him. The district court rejected this argument, noting that Brown had stated under oath at the plea hearing that he had read and understood the final plea agreement.

At the sentencing hearing, the district court adopted the PSR's sentencing calculations, which specified the same 292-365 month Guidelines range anticipated by the plea agreement. The court rejected Brown's objection to the quantity of crack cocaine attributed to him in the PSR, noting that Brown had admitted under oath to an identical quantity specified in the plea agreement. After the government advised the court that it was not moving under § 5K1.1 for a below-Guidelines sentence because Brown had not fully cooperated, the court acknowledged that the plea agreement gave the government that right. The court accordingly imposed a Guidelines sentence of 325 months on the conspiracy count. The court also recognized that the plea agreement contained a waiver of Brown's right to appeal. Nonetheless, the court chose to state for the record "that the defendant has the right to appeal," leaving it to the appellate court to "determine whether the defendant has waived his right or not waived his right [to appeal]." After the sentencing hearing, the court, consistent with the plea agreement, dismissed the remaining counts in the case before it. The government also moved to dismiss the pending indictments against Brown in the other three cases.

Brown appeals on the ground that the district court failed to comply with Fed. R. Crim. P. 11(c) because it never accepted or rejected the plea agreement. More precisely, Brown argues that the record is ambiguous as to whether the court intended to accept the agreement and requests a remand for clarification from the court.

## II. Analysis

Fed. R. Crim. P. 11(c) governs the district court's consideration of plea agreements. Under Fed. R. Crim. P. 11(h), Rule 11 violations are generally subject to harmless error review, requiring the government to prove that the error did not affect the defendant's substantial rights. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). However, since Brown never sought clarification regarding the district court's acceptance of the plea agreement, Brown has the burden of showing plain error. *See United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007) (citing *Vonn*, 535 U.S. at 59). To prevail on plain error review, the defendant must show that "(1) an error has occurred, (2) it was 'plain,' (3) it affected a substantial right of the defendant, and (4) it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Nitch*, 477 F.3d 933, 935 (7th Cir. 2007) (quotation omitted).

Under Fed. R. Crim. P. 11(c)(3)(A), for plea agreements such as Brown's that require the government to move to dismiss other charges, the district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." If the court

accepts the agreement, it must inform the defendant that "the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). If the court rejects the agreement, it must inform the parties in open court and give the defendant an opportunity to withdraw the guilty plea. Fed. R. Crim. P. 11(c)(5).

Brown argues that the district court plainly erred by failing to either accept or reject the plea agreement, as required by Rule 11(c). However, our review of the record indicates that the court accepted the agreement. At the plea hearing, the court stated that it would examine the PSR's Guidelines calculations before imposing a final sentence, suggesting that the court exercised its option under Rule 11 to defer acceptance "until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). Thereafter, every aspect of the court's disposition of Brown's case was consistent with an acceptance of the plea agreement. At the sentencing hearing, the court recalled that Brown had pleaded guilty to the conspiracy count "pursuant to a written plea agreement." The court rejected Brown's objection to the quantity of crack cocaine attributed to him in the PSR, noting that Brown had admitted under oath to an identical quantity specified in the plea agreement. The court would not have bound Brown to facts described in a plea agreement that the court intended to reject.

After the government declined to move for a § 5K1.1 reduction, the court stated that it would proceed "under the plea agreement" to sentence Brown in accordance with the sentencing factors of 18 U.S.C. § 3553. Finally, the

court actually implemented the terms of the plea agreement by dismissing the remaining counts in the case. The government, also consistent with the plea agreement, moved to dismiss the pending counts against Brown in the other three cases. Because all of these acts were fully consistent with the terms of the plea agreement, the record unambiguously establishes that the district court accepted the agreement.

To try to show that the district court's acceptance of the plea agreement was ambiguous, Brown notes that the court never explicitly stated that it was accepting or rejecting the agreement. Brown also highlights the court's statement at the sentencing hearing that "the defendant has the right to appeal," even though the agreement required Brown to waive the right to appeal. According to Brown, this statement expresses doubt about the validity of the appellate waiver and suggests a rejection of the plea agreement.

As to the appellate waiver, although the district court may have expressed doubt about the waiver's validity, we disagree with Brown that this statement suggests that the court was rejecting the plea agreement. We routinely hear challenges to an appellate waiver on the ground that the defendant did not agree to the waiver knowingly and voluntarily. *E.g.*, *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007); *United States v. Sura*, 511 F.3d 654, 655-56 (7th Cir. 2007). Far from a rejection of the plea agreement, the district court's reference to Brown's right to appeal simply recognized that Brown

might challenge the voluntariness of the agreement that the court was enforcing.

As to the court's failure to explicitly state that it was accepting the plea agreement, that omission does not overcome the court's other acts that uniformly point to acceptance. We addressed a similar situation in *United States v. Ray*, 828 F.2d 399, 415-16 (7th Cir. 1987), in which the district court never stated that it was accepting the plea agreement. We nonetheless found an acceptance because the court sentenced the defendant in accordance with the agreement's terms. *Id.* at 416. In particular, the district court in *Ray*, like the district court in this case, accepted the government's motion to dismiss other pending counts as required by the plea agreement. *Id.* In fact, the court's intention in *Ray* to accept the agreement was so apparent that we disregarded the court's statement that the agreement was "not accepted." *Id.* Given all of the surrounding circumstances indicating an acceptance, we concluded that this statement must have been a "mistake or clerical error." *Id.*

As in *Ray*, the district court's sentencing of Brown was fully consistent with the terms of the plea agreement. The court even chose a sentence within a Guidelines range identical to the range anticipated by the plea agreement. *Cf. United States v. Smith*, 500 F.3d 1206, 1213 & n.3 (10th Cir. 2007) (concluding that the imposition of an upward adjustment to the defendant's Guidelines range did not amount to a rejection of the plea agreement, since the agreement did not address the specific adjustment at

issue). Under these circumstances, remanding the case as Brown requests for clarification of the district court's intention would place "ritual" over "reality." *Ray*, 828 F.2d at 404 (quotation omitted).

We also note that, even if the record were ambiguous as to whether the district court accepted Brown's plea agreement, some authority exists for resolving that ambiguity in favor of acceptance. In *United States v. Skidmore*, 998 F.2d 372, 374 (6th Cir. 1993), the district court accepted the defendants' guilty pleas pursuant to a plea agreement but never stated whether it was accepting the agreement. In subsequent sentencing proceedings, the district court refused to enforce a provision of the agreement requiring the forfeiture of the defendants' property to the United States. The Sixth Circuit reversed and enforced the forfeiture provision as if the district court had accepted the agreement. *Id.* at 375. "[T]he district court's failure to indicate the status of the plea agreement, within the requirements of [Rule 11(c)(3)], at the time the court accepts the guilty pleas operates as an acceptance of the agreement." *Id.* (citation omitted); *see also Smith*, 500 F.3d at 1213 n.3 (citing *Skidmore* to find a "constructive acceptance" of the plea agreement).

We acknowledge that the better practice under Rule 11(c) would be for district courts to explicitly indicate the status of plea agreements. A defendant like Brown who trades cooperation for government leniency finds himself in an uncertain bargaining position. Armed with significant resources and prosecutorial charging discretion, the government may demand highly favorable terms

in its plea agreement. Perhaps the most favorable of these is the unilateral authority to determine whether the defendant performed under the agreement by fully cooperating, an authority subject only to certain constitutional constraints. *See United States v. Wilson*, 390 F.3d 1003, 1009-10 (7th Cir. 2004) (concluding that the government's refusal to move for a substantial assistance reduction lacked a rational basis); *United States v. Lezine*, 166 F.3d 895, 901-03 (7th Cir. 1999) (recognizing the defendant's due process right to a hearing on whether he breached the plea agreement by failing to cooperate). As if the uncertainty of placing this authority in one's adversary weren't enough, the defendant must also defer to the authority of the district court, which retains the right to reject the plea agreement. Fed. R. Crim. P. 11(c)(3), (5).

Here, the district court would have done well to minimize this uncertainty in plea bargaining by sticking as close as possible to the virtual "checklist" that Rule 11 provides. Consistent with the requirements of Rule 11(c), the court might have explicitly stated at the plea hearing that it was deferring acceptance pending the PSR and, at the sentencing hearing, that it was accepting the plea agreement. *See* Fed. R. Crim. P. 11(c)(3)(A). But since the Rule does not require such explicit statements,[1] we

---

[1] Other sentencing provisions overlooked by the district court do require explicit statements. Fed. R. Crim. P. 11(c)(4) provides that, upon accepting a plea agreement, the district court

(continued...)

cannot say that the court plainly erred by failing to specify that it was accepting Brown's plea agreement. Brown could have "dispelled any uncertainty" by simply asking the court for clarification. *Arenal*, 500 F.3d at 639. We also suggest that the government could have sought assurances that the court was accepting the plea agreement, thereby preventing Brown from trying to withdraw his guilty plea on the theory that the court rejected the agreement.

---

[1] (...continued)
"must inform the defendant" that the agreed dismissal of other charges "will be included in the judgment." U.S.S.G. § 6B1.2(a) further requires that the court state "on the record" that "the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." Although Brown highlights the district court's failure to comply with these provisions, he does not argue that these errors warrant reversal in and of themselves. Rather, he cites these errors in support of his argument that the district court's acceptance of the plea agreement was ambiguous, an argument that we reject based on the analysis in this opinion. Brown would also have a difficult time showing that the district court's failure to make the statements required by Rule 11(c)(4) and U.S.S.G. § 6B1.2(a) resulted in prejudice, since the court actually implemented the terms of the plea agreement. *See Ray*, 828 F.2d at 417 (finding a Rule 11(c)(4) error harmless).

### III.  Conclusion

Because we find that the district court accepted Brown's plea agreement, we DISMISS Brown's appeal pursuant to the appellate waiver contained in the agreement.