NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2011
Decided May 11, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-2296

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court <br> for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-104 |
| MELVIN LAWS, <br> *Defendant-Appellant*. | C. N. Clevert, Jr., <br> *Chief Judge*. |

**O R D E R**

Melvin Laws pleaded guilty to possessing 50 grams or more of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 120 months' imprisonment, the mandatory minimum. *See* § 841(b)(1)(A). Laws filed a notice of appeal, but his appellate counsel moves to withdraw because he cannot find any nonfrivolous ground for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Laws has responded to counsel's *Anders* submission, *see* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Laws' response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2009).

Counsel first considers whether Laws could challenge the voluntariness of his guilty plea, but concludes that any such challenge would be foreclosed by our decision in *United*

*States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), because Laws does not seek to withdraw his plea. However, Laws in his response asserts (without elaboration) that his plea was neither voluntary nor knowing, and that he now wishes to withdraw it. Because Laws did not move to withdraw his plea in the district court, our review would be for plain error only. *See United States v. Vonn*, 535 U.S. 55, 63-64 (2002); *United States v. Ali*, 619 F.3d 713, 718-19 (7th Cir. 2010). Our review of the record reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11(b) before accepting his plea. As counsel observes, the court neglected to inform Laws of his right against compelled self-incrimination, Rule 11(b)(1)(E), and that he was subject to a mandatory special assessment of $100.00, Rule 11(b)(1)(L), but neither of these omissions affected Laws' substantial rights, s*ee* Rule 11(h); *United States v. Brown*, 571 F.3d 690, 693 (7th Cir. 2009), and moreover, each was spelled out in the plea agreement. We also note that the court did not inform Laws of his right to be represented by counsel, Rule 11(b)(1)(D), and of the government's right to use any statement made by Laws under oath in a prosecution for perjury, Rule 11(b)(1)(A). But Laws could not have been prejudiced by these omissions because he presumably knew of his right to counsel as he was represented by counsel during the colloquy, *see United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988), and there is no current or prospective prosecution against him for perjury, *see United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003).

Counsel next turns to potential sentencing arguments and considers whether Laws could challenge the district court's assessment of two criminal history points under U.S.S.G. § 4A1.1(d) for possessing drugs while under a prior "criminal justice sentence." The court assessed the points because Laws committed his drug offense while subject to a deferred-prosecution agreement for a forgery charge in Wisconsin state court. Counsel asks whether Laws' deferred prosecution could be characterized as not involving a criminal justice sentence. We agree with counsel that such an argument would be frivolous. The guidelines define a criminal justice sentence as a sentence countable under § 4A1.2 that has "a custodial or supervisory component," § 4A1.1(d) cmt. n.4, and § 4A1.2(f) counts diversionary dispositions as prior sentences if they result from an admission of guilt. Laws' deferred-prosecution agreement followed a guilty plea and an adjudication of guilt and placed him under the court's supervision; the agreement thus qualifies as a criminal justice sentence. *See United States v. Sanchez*, 507 F.3d 532, 537-38 (7th Cir. 2007); *United States v. Jones*, 448 F.3d 958, 960 (7th Cir. 2006); *see also United States v. Martinez-Melgar*, 591 F.3d 733, 737 (4th Cir. 2010); *United States v. Spikes*, 543 F.3d 1021, 1024-25 (8th Cir. 2008).

Counsel next considers whether Laws could challenge his sentence because the district court sentenced him using the 2008 edition of the Guidelines Manual rather than the 2009 edition in effect at the time of sentencing. But counsel properly regards this error as

harmless because the applicable guidelines provisions remained unchanged between the two editions. *See United States v. Viemont*, 91 F.3d 946, 948 n.4 (7th Cir. 1996).

Counsel also considers whether Laws' sentence could be challenged as being unreasonable, in violation of law, or a result of an improper application of the sentencing guidelines. But Laws received the statutory-minimum sentence of 120 months, *see* 21 U.S.C. § 841(a)(1), and any challenge to his sentence on these bases would therefore be frivolous. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007).

Finally, Laws in his response expresses dissatisfaction with his trial counsel's failure to raise and argue dispositive motions that, he says, were well grounded in fact and law. To the extent Laws suggests that his trial counsel was ineffective, the claim is best pursued in a collateral proceeding in which the record can be more fully developed. *See United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005) (citing *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.