NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 29, 2012
Decided March 15, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 11-2752 & 11-3067

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | Nos. 3:10-cr-00188-bbc-2 |
| | and 3:10-cr-00188-bbc-3 |
| DEMETRIUS PETTY and | |
| JENNIFER M. CHANEY, | Barbara B. Crabb, |
| *Defendants-Appellants.* | *Judge.* |

### O R D E R

Demetrius Petty and Jennifer Chaney each pleaded guilty to participation in the same conspiracy to distribute at least 280 grams of crack cocaine. On appeal Chaney argues for the first time that her sentence is plainly unreasonable because the district judge did not reject the Guidelines' 18:1 weight ratio of powder to crack cocaine. Petty's attorney, on the other hand, found no nonfrivolous issue on appeal and moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Because both Petty and Chaney received below-Guidelines sentences and the district court committed no procedural error, we affirm Chaney's sentence and dismiss Petty's appeal.

The record does not reveal whether Chaney and Petty ever met, but both sold crack at the direction of Ricky Petty[1]—Demetrius Petty's elder brother and Chaney's lover. The younger Petty both transported and sold crack at his brother's behest, but his participation in the conspiracy was limited by his frequent convictions for state drug and gun possession charges, for which he spent months at a time in jail. Chaney's involvement was arguably more extensive—for three years, she lived with Ricky Petty, kept crack in their home, and twice sold crack to undercover agents.

Chaney also suffered physical abuse at the hands of Ricky Petty. He first began hitting Chaney a few months after they started dating. He slashed her tires and smashed her cell phone. He knocked out one of her teeth. He beat her with a chair and refused to let her see a doctor for several days (and when she finally did go to the emergency room for her injuries, she learned that she was pregnant with his child).

Within a year of the birth of their daughter, Chaney finally decided to cut Ricky Petty out of her life. She ended their relationship and moved with her children back to her hometown of Wausau, where she reconnected with her family. At the time of her arraignment, she was working as a store manager and pursuing an associate's degree online.

Both Demetrius Petty and Chaney pleaded guilty to conspiracy to distribute at least 280 grams of crack, 21 U.S.C. §§ 841(a)(1), 846. Both defendants received credit for acceptance of responsibility. And because each defendant was held responsible for conspiring to distribute at least 280 grams of crack, their appeals are not affected by the Supreme Court's recent decision to consider the retroactivity of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See Hill v. United States*, 132 S. Ct. 759 (Nov. 28, 2011).

Petty faced a Guidelines range of 121 to 151 months' imprisonment, based on an offense level of 29 and a criminal history of category IV. After considering Petty's shorter participation in the conspiracy, his difficult childhood, and his criminal history, *see* 18 U.S.C. § 3553(a), the court sentenced him to 120 months' imprisonment, the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A), and one month below the bottom of his Guidelines range.

Chaney faced a Guidelines range of 87 to 108 months' imprisonment, based on her

---

[1] We vacated Ricky Petty's sentence and remanded his case for resentencing on a motion he joined with the United States. *United States v. Petty*, No. 11-2665, ECF No. 31 (7th Cir. Feb. 3, 2012).

offense level of 29 and criminal history category of I. Chaney was not subject to the 10-year minimum because she qualified for the "safety valve" exception. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a); *United States v. Corson*, 579 F.3d 804, 813 (7th Cir. 2009). Her attorney argued for a sentence of time served based on the § 3553(a) factors, including the threats and beatings she suffered at the hands of Ricky Petty, the ringleader. Citing Chaney's employment, acceptance of responsibility, and lack of criminal history—including her lack of criminal conduct after leaving the conspiracy—the court sentenced her to 60 months.

**Chaney**

Chaney argues for the first time on appeal that the sentencing Guidelines' 18:1 weight ratio of powder cocaine to crack cocaine creates an unreasonable disparity between defendants, and thus that any sentence (including hers) in accordance with the Guidelines is also plainly unreasonable. Although Chaney benefitted from the Fair Sentencing Act's reduction of the powder-to-crack weight ratio from 100:1 to 18:1, she argues that anything more than a 1:1 weight ratio is unreasonable. According to Chaney, the weight ratio disproportionately punishes black offenders, who are more likely to deal crack cocaine, compared to white offenders, who are more likely to deal powder cocaine. (Chaney is herself "White, non-Hispanic" so the applicability of this argument to her case is not obvious.) She also argues that those at the top of the drug trade deal in powder cocaine, and those at the bottom deal in crack cocaine, and thus the sentencing Guidelines disproportionately punish the poor. Although circuit precedent is against her, she raises the issue to preserve it for review, either before the Supreme Court or, if the Court later rules that the 18:1 ratio is per se irrational, in a collateral proceeding. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998).

This court has already considered and rejected a challenge to the powder-to-crack weight ratio as per se unreasonable in *United States v. Curb*, 626 F.3d 921, 927–28 (7th Cir. 2010). Curb argued that his sentence was substantively unreasonable because of "the unfair disparity in crack cocaine penalties." *Id.* at 927. We rejected this argument because we have "never held that a district judge was required to reject the Sentencing Guidelines applicable to crack cocaine," *id.*; *see also United States v. Etchin*, 614 F.3d 726, 740 (7th Cir. 2010); *United States v. Scott*, 555 F.3d 605, 610 (7th Cir. 2009), although of course district judges may reject the powder-to-crack weight ratio as a matter of discretion, *see Kimbrough*, 552 U.S. 85, 110–11 (2007). (Indeed, we remanded Ricky Petty's appeal for consideration of just such an argument.) Moreover, Chaney's sentence was 27 months below the Guidelines range and counsel suggests no reason to question the presumption of reasonableness accorded a below-Guidelines sentence. *See United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011). Accordingly, we AFFIRM Chaney's sentence.

**Petty**

Petty responded to his counsel's motion to withdraw by asking that the court appoint him a new attorney, *see* CIR. R. 51(b), but he does not propose any potential issues for review. We confine our review to the issues raised in his attorney's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel reports that Petty now wishes to challenge his guilty plea. Petty did not move to withdraw his plea before the district court, so we review only for plain error. *See United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010). Petty's attorney considers arguing that the district court violated Federal Rule of Criminal Procedure 11 by asking Petty to state his changed plea before establishing a factual basis for the plea. But counsel rejects this argument because the district court nevertheless performed the inquiry required by Rule 11 before accepting the plea. *See* FED. R. CRIM. P. 11(b)(1); *see also Flowers v. Wyrick*, 732 F.2d 659, 660 (8th Cir. 1984) (defendant stated plea before colloquy). The court advised Petty of the nature of the charges against him, *id.* (b)(1)(G); his right to persist in a plea of not guilty, *id.* (b)(1)(B); and have a jury trial, *id.* (b)(1)(C), at which he would have the assistance of counsel, *id.* (b)(1)(D), and could confront witnesses, *id.* (b)(1)(E); the maximum and minimum penalties, *id.* (b)(1)(H)–(I); and the role of the sentencing Guidelines, *id.* (b)(1)(M). Because the sequence of the Rule 11 colloquy did not affect Petty's substantial rights, any challenge to its sufficiency would therefore be frivolous. *See United States v. Brown*, 571 F.3d 690, 693 (7th Cir. 2009).

Counsel also notes that the district court failed to warn Petty that lying under oath would subject him to prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A). But Petty faces no current or prospective prosecution for perjury, so the error was harmless. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003).

Counsel next considers challenging the district court's refusal to grant Petty a two-level decrease in his offense level as a minor participant, *see* U.S.S.G. § 3B1.2, and also considers challenging the sentence as plainly unreasonable. But any such arguments would be patently frivolous because Petty received the minimum sentence available by law; thus, any error "would be harmless by definition." *United States v. Douglas*, 569 F.3d 635, 636 (7th Cir. 2009); *see also United States v. Giacometti*, 28 F.3d 698, 704 (7th Cir. 1994).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.