**Richard Donald JOHANSON,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–86–2099.**

Court of Appeals of Minnesota.

April 21, 1987.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, University of Minnesota, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE and STONE,* JJ.

## MEMORANDUM OPINION

CRIPPEN, Judge.

Appellant contends the trial court erroneously instructed the jury on the duty to retreat related to the legal excuse of self-defense. Appellant acknowledges that the instructions followed the law which existed in 1979, when he was tried, but he claims

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

the duty to retreat was not part of the law in 1978, when the offense occurred. We disagree and affirm the conviction.

## FACTS

In November 1979, appellant was found guilty on two counts of aggravated assault, Minnesota Statutes § 609.225, subds. 1 and 2 (1978), with reference to Minnesota Statutes § 609.11 (1978). He was later convicted and sentenced on the first count.[1]

In October 1986, appellant filed a petition for post-conviction relief, alleging error in the trial court's instructions on self-defense. Appellant claims the court applied 1979 law to a 1978 case in violation of the *ex post facto* clause of the United States Constitution, Article 1, § 9, clause 3. The trial court denied appellant's petition.

## DECISION

Minnesota's jury instruction guides for criminal cases were amended in September 1979, two months before appellant's trial, to state that a defendant who claims a legal excuse of self-defense has "the duty to retreat or avoid danger if reasonably possible." 10 *Minnesota Practice*, CRIM. JIG, 7.08 (1985). The amended form of the proposed instruction "fairly informs the jury of the parameters of the law of self-defense in Minnesota." *State v. Duke*, 335 N.W.2d 511, 515 (Minn.1983).

It is true, as appellant contends, that in 1978, CRIM. JIG 7.08 said that in exercising the right of self-defense, a defendant is not required to retreat. Appellant asserts that this proposed instruction represented the law in 1978, and that the supreme court has never held that this proposed instruction was inaccurate. Prior supreme court decisions conflict with appellant's contention.

The duty to retreat "if reasonably possible" has been a part of Minnesota self-defense law since at least 1967. *State v. Johnson,* 277 Minn. 368, 373, 152 N.W.2d 529, 532 (1967). Before it was amended in

1979, CRIM. JIG 7.08 did not represent a correct statement of Minnesota law. The CRIM. JIG committee explains in its comment that the erroneous version of section 7.08 resulted from a mistaken reading of *State v. Love,* 285 Minn. 444, 173 N.W.2d 423 (1970). 10 *Minnesota Practice*, CRIM. JIG, 7.08 comment. In *Love,* the supreme court quoted and did not correct a trial court instruction that stated a limited freedom against retreat. *Love,* 285 Minn. at 449–51, 173 N.W.2d at 426–27. However, the duty to retreat was not at issue in *Love.* Moreover, *Love* arose on the defendant's appeal, and the defendant was favored rather than aggrieved by the trial court's handling of the duty to retreat question. *See* 10 *Minnesota Practice*, CRIM. JIG, 7.08 comment.

The supreme court has recognized that CRIM. JIG 7.08 misstated the law before it was amended in 1979:

> The original version was based on a misinterpretation by the drafters of the instruction of language which we used in *State v. Love,* 285 Minn. 444, 173 N.W.2d 423 (1970).

*State v. Bland,* 337 N.W.2d 378, 384 (Minn. 1983). *See also Duke,* 335 N.W.2d at 515; *State v. Jones,* 271 N.W.2d 534, 539–40 (Minn.1978).

Affirmed.

---

1. The aggravated assault conviction was affirmed by the Minnesota Supreme Court. *State v. Johanson,* 358 N.W.2d 64 (Minn.1984). His Federal Court petition for a writ of habeas corpus was denied. *See Johanson v. Pung,* 795 F.2d 48 (8th Cir.1986). Prior proceedings did not address the issue presently litigated.