**STATE of Minnesota, Respondent,**

v.

**Archie Bennett BLOOFLAT, Appellant.**

**No. C1–94–339.**

Court of Appeals of Minnesota.

Nov. 29, 1994.

occurred in the same county in which the case was tried.

## FACTS

On March 1, 1992, appellant was arrested after St. Cloud police found him next to his car, which was straddling railroad tracks within the city limits of St. Cloud. Appellant was subsequently charged with driving while intoxicated, refusing to submit to chemical testing, and driving after cancellation of his license.

The City of St. Cloud is situated in three counties: Stearns, Benton and Sherburne. Appellant was arrested in the part of the City of St. Cloud that is in Benton County, and taken to the St. Cloud Police Station, which is located in Stearns County. After charges were filed against him, appellant, through counsel, waived the omnibus hearing and proceeded to trial. The trial was conducted in Stearns County District Court in St. Cloud, and resulted in appellant's conviction on all three counts. At no time either before or during trial did appellant object to venue.

## ISSUE

Did appellant waive his right to object to venue?

## ANALYSIS

Minn.R.Crim.P. 10.01 provides that: Defenses, objections, issues, or requests which are capable of determination without trial on the merits *shall* be asserted or made before trial by a motion to dismiss or to grant appropriate relief.

(Emphasis added.) An objection to venue is capable of determination without a trial on the merits, so it must be made before trial. This comports with the comment to the venue rule, which states that "[o]bjections to the place of trial are waived unless asserted before commencement of the trial." Minn. R.Crim.P. 24.01 cmt.

The conclusion that objections to venue are waived by silence or by acquiescence

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jan Peterson, City Atty., Kathleen M. Tracy, Asst. City Atty., St. Cloud, for respondent.

Lawrence W. Pry, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and KALITOWSKI and MANSUR,* JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Archie Bennett Blooflat contends the evidence was insufficient to support his three criminal convictions because the state did not prove that the charged offenses

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

in the trial is supported by an examination of the nature of the rights that venue is meant to protect. Proper venue prevents the unfairness and hardship that may occur when an accused is prosecuted in a remote place. *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 245, 84 S.Ct. 769, 772, 11 L.Ed.2d 674 (1964). Once a trial has taken place, any hardship that may have occurred cannot be remedied. Here, appellant has not asserted that he suffered hardship, nor is it likely that he could have, given that he was tried in the city in which he resides and in which the crimes were committed.

The Minnesota Supreme Court has stated that

> [I]f a state has jurisdiction over the crime, then a determination of the precise county [venue] for trial is less significant. [V]enue deals with convenience and location of trial rather than with the power of the court to hear the action in the first place.

*State v. Smith*, 421 N.W.2d 315, 320 (Minn. 1988) (citations omitted). We therefore conclude that objections to improper venue are deemed waived where a defendant does not object to the venue before trial. Such waiver, however, does not relieve the state of its burden of proving venue. *See State v. Larsen*, 442 N.W.2d 840, 842 (Minn.App.1989) (venue is an element of an offense that must be proven beyond reasonable doubt).

Appellant claims the evidence was not sufficient to support his convictions because the state failed to prove the venue element of his offenses beyond a reasonable doubt. It is undisputed, however, that the state proved the offenses occurred within the City of St. Cloud. Furthermore, appellant's case was properly tried in Stearns County District Court in St. Cloud pursuant to Minn.Stat. § 487.21, subd. 4 (1992) (municipalities located in multiple counties or court districts are deemed located in the county in which the city hall is located). Thus, appellant's argument on appeal is that Minn.Stat. § 487.21, subd. 4 is invalid in light of Minn.R.Crim.P. 24.01 and the Minnesota Constitution. Because this issue was not raised at trial, however, we will not address it on appeal. *State v. Gullekson*, 383 N.W.2d 338, 340–41 (Minn. App.1986) (issues not raised at trial, even

constitutional ones, will not be addressed on appeal), *pet. for rev. denied* (Minn. May 16, 1986).

## DECISION

Appellant's convictions are affirmed because his failure to object to venue prior to trial resulted in waiver of that issue.

**Affirmed.**