**STATE of Minnesota, Respondent,**

v.

**Barbara Ann FRANKLIN, Appellant.**

**No. A04–411.**

Court of Appeals of Minnesota.

Jan. 31, 2005.

Review Denied April 19, 2005.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Sara L. Martin, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
PETERSON, Presiding Judge; WILLIS, Judge; and HUDSON, Judge.

## OPINION

WILLIS, Judge.

Appellant Barbara Ann Franklin challenges her conviction of theft by temporary control, in violation of Minn.Stat. § 609.52, subd. 2(5)(i) (2002). She argues (1) that venue in Ramsey County was improper; (2) that the evidence was legally insufficient to support her conviction; and (3) that the statute is unclear regarding the conduct prohibited, and therefore, its application to her actions violates her due-process rights. Because we find that venue in Ramsey County was proper and that the evidence demonstrates beyond a reasonable doubt that Franklin committed theft by temporary control, we affirm.

## FACTS

The facts are undisputed. In December 1996, appellant Barbara Franklin's minor daughter, Delphina Griffin, was designated the sole surviving heir of her father, Darryl Griffin, when he died intestate. In November 2000, the Ramsey County Probate Court appointed Franklin trustee of a trust established for the benefit of Delphina Griffin for the protection and distribution of property and money from Darryl Griffin's estate. The probate court ordered Franklin to establish a trust account within 30 days after receiving any money or property from Griffin's estate and not to withdraw any funds from the trust account without court authorization.

In July 2001, the state issued an $18,000 check payable to "Franklin Barbara For Delphina L. Griffin Minor." The money came from a cashier's check that was payable to Darryl Griffin. Franklin cashed the check at the state treasurer's office in Ramsey County. She then gambled and lost most of the $18,000 at either Mystic Lake Casino or Treasure Island Casino.

In April 2002, Franklin wrote a letter to the probate court acknowledging that "[t]here are no excuses for what I did with the money for the trust fund for Delphina." Franklin also admitted in that letter that she did not have the money and that she has a gambling problem. In October 2002, the probate court sent a letter to an assistant Ramsey County attorney requesting a review of the case "for the purpose of filing criminal charges against [Franklin]." At the time of this request, no funds had been deposited into the trust.

In May 2003, Franklin was charged with theft by swindle, in violation of Minn.Stat. § 609.52, subd. 2(4) (2002). The complaint was later amended to add a charge of theft by temporary control, in violation of Minn. Stat. § 609.52, subd. 2(5)(i) (2002). Franklin waived her right to a jury trial and agreed to a trial on stipulated facts. The district court found that venue was proper, that Franklin was guilty of theft by temporary control, and that she was not guilty of theft by swindle. The district court stayed Franklin's sentence and placed her on probation for ten years. This appeal follows.

## ISSUES

I. Was venue in Ramsey County proper?

II. Is the evidence sufficient to support Franklin's conviction of theft by temporary control?

## ANALYSIS

### I.

Franklin argues that her conviction must be reversed because her case should not have been tried in Ramsey County. But Franklin did not move for change of venue before trial. Objections to the place of trial are waived unless asserted before commencement of the trial. Minn. R.Crim. P. 24.01 cmt.; *State v. Blooflat*, 524 N.W.2d 482, 484 (Minn.App. 1994). "Such waiver, however, does not relieve the state of its burden of proving venue." *Blooflat*, 524 N.W.2d at 484.

Minnesota law requires that a criminal case be tried in a county where the offense was committed. Minn.Stat. § 627.01, subd. 1 (2002); Minn. R.Crim. P. 24.01. " 'County where the offense was committed' means any county where any element of the offense was committed or any county where the property involved in an offense is or has been located or where the services involved in an offense were provided." Minn.Stat. § 627.01, subd. 2 (2002).

Here, the property involved in the offense is the $18,000 intended for the trust established for Delphina Griffin. This

$18,000 was located in Ramsey County when Franklin received and cashed the check for that amount. Therefore, under the statute, Ramsey County was a county where the offense was committed, and venue in Ramsey County was proper.

## II.

Franklin next argues that the stipulated evidence is insufficient to support her conviction of theft by temporary control. The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Comm'r of Revenue*, 488 N.W.2d 254, 257 (Minn.1992). "In a criminal trial, the burden is on the state to prove beyond a reasonable doubt the existence of every element of the crime charged." *State v. Larson*, 605 N.W.2d 706, 710 (Minn.2000).

To show theft by temporary control, the state had to prove that Franklin committed an act of theft "with the intent to exercise temporary control only" and that "the control exercised manifest[ed] an indifference to the rights of the owner or the restoration of the property to the owner." Minn.Stat. § 609.52, subd. 2(5)(i) (2002). Theft, as defined by the statute, includes the intentional taking, using, transferring, concealing, or retaining possession of the movable property of another, without claim of right and without the owner's consent. *Id.,* subd. 2(1).

The stipulated facts support a finding that Franklin committed such an act of theft. First, Franklin admits to using Delphina Griffin's trust money to gamble, an intentional act. Second, the trust money was movable property. Third, the check was payable to "Franklin ... for *Delphina Griffin,*" and thereby, the money belonged to the trust established for Delphina Griffin.

The questions of whether Franklin acted without claim of right and whether she acted without the owner's consent are more complex because Franklin is both the trustee and a parent here. Franklin appears to argue that, as Delphina Griffin's parent, she had a claim of right to use the trust funds. She points to the statute allowing a trustee to "pay a sum distributable to a minor [beneficiary] ... without liability to the trustee ... to a parent of the beneficiary." Minn.Stat. § 501B.81, subd. 25(4) (2002). This statute does not require the child's consent to this distribution, and it does not specify how the funds may be used. *Id.* Franklin argues that she cannot be convicted under Minn.Stat. § 609.52, subd. 2(5)(i), because she was entitled to pay the money to herself as a parent of Delphina Griffin.

But a person's acts as trustee are separate from her acts as an individual. *Cf. Norwest Bank Minn., N.A. v. Ode*, 615 N.W.2d 91, 95 (Minn.App.2000) (determining that an agreement by a person acting as an individual is not binding on that person as a trustee because there is no legal relationship between a person as an individual and the same person as a trustee and noting that a trustee may not deal in trust property for his or her own benefit), *review denied* (Minn. Oct. 17, 2000). We conclude that Franklin's role as trustee of the trust established for her daughter is separate from her role as a parent and that Franklin as trustee had duties and responsibilities with regard to trust money that Franklin as a parent might not have had. Therefore, Franklin may be held liable for her actions as trustee even if her actions as a parent only might not give rise to similar liability.

A trustee who uses trust funds without permission and for his or her personal benefit commits an act of theft. *State v. O'Hagan*, 474 N.W.2d 613, 618–19 (Minn.App.1991), *review denied* (Minn. Sept. 25, 1991). The trust for Delphina

Griffin was established "for the protection and distribution of properties and monies from decedent's estate." As trustee, Franklin had no claim of right to gamble with money intended for the trust or to use that money in any way for her personal benefit.

Franklin also appears to argue that she did not need consent to use the funds because she was Delphina Griffin's parent. But the court order appointing Franklin as trustee required her to deposit into a trust account any money that she received from Darryl Griffin's estate. She failed to do so here. Because Delphina Griffin was a minor, she could not legally consent to Franklin's use of any funds intended for the trust. Therefore, the probate-court order also required Franklin to obtain probate-court authorization, or consent, before withdrawing any money from the trust. We conclude that it follows that Franklin also needed consent to use any funds intended for the trust. The probate court gave no such consent here.

■ Next, to support the conviction of theft by temporary control, the evidence must show beyond a reasonable doubt that Franklin intended to exercise temporary control only over the funds. Minn.Stat. § 609.52, subd. 2(5)(i). A crime of theft by temporary control is complete upon the taking and does not require an intent to permanently deprive. *Larson*, 605 N.W.2d at 711. Here, when Franklin cashed the check and used the funds at a casino, she exercised control over the funds in a manner that was unauthorized by her role as trustee.

Finally, Franklin's control of the funds must also have manifested "an indifference to the rights of the owner or the restoration of the property to the owner." Minn. Stat. § 609.52, subd. 2(5)(i). Franklin gambled with funds intended for Delphina Griffin's trust and exposed the funds to great risk. Her conduct demonstrated an indifference to Delphina Griffin's right to have the money used for her welfare, as well as an indifference to whether the money would be restored to the trust.

■ We conclude that a parent who has been appointed trustee of a trust established for the benefit of his or her child is not shielded from prosecution for committing theft by temporary control, in violation of Minn.Stat. § 609.52, subd. 2(5)(i) (2002). And we conclude that a parent-trustee who gambles with the funds intended for the trust may be convicted of theft by temporary control. The stipulated evidence supports, beyond a reasonable doubt, Franklin's conviction of theft by temporary control.

■ Franklin also argues that her conviction must be reversed because the statute did not provide fair warning that her conduct, as a parent, could subject her to prosecution for theft by temporary control. Franklin raises this argument for the first time on appeal.

■ We usually will not decide issues that are raised for the first time on appeal even if they involve constitutional questions. *State v. Sorenson*, 441 N.W.2d 455, 457 (Minn.1989). We choose, therefore, not to address Franklin's due-process argument. But we note that she does not claim that she had no notice that her conduct as trustee would subject her to criminal liability.

### DECISION

Because venue in Ramsey County was proper and because the evidence demonstrates beyond a reasonable doubt that appellant committed theft by temporary control, we affirm.

**Affirmed.**