*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1397**

State of Minnesota,
Respondent,

vs.

Eulogio Hernandez-Espinoza,
Appellant.

**Filed August 18, 2014
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-12-23437

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, J. Michael Richardson, Assistant
County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness,
Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Schellhas, Judge; and

Johnson, Judge.

**JOHNSON**, Judge

Eulogio Hernandez-Espinoza pleaded guilty to first-degree conspiracy to commit a controlled-substance crime. On appeal, he argues that the district court was without jurisdiction, that Hennepin County was an improper venue, and that he received ineffective assistance of counsel during district court proceedings. We affirm.

## FACTS

On July 21, 2012, Hernandez-Espinoza and his brother met an undercover police officer for the purpose of arranging a sale of two pounds of methamphetamine. The meeting occurred at a restaurant in the city of Maplewood.

Two days later, the state charged Hernandez-Espinoza in Hennepin County with one count of conspiracy to commit a controlled-substance crime in the first degree, in violation of Minn. Stat. §§ 152.021, subd. 1(1), .096, subd. 1 (2010). The complaint alleges the existence of a conspiracy among Hernandez-Espinoza, his brother, and two other men, based on a series of events occurring in Hennepin County, Dakota County, and Ramsey County between February and July of 2012.

In May 2013, Hernandez-Espinoza pleaded guilty. During the plea hearing, he admitted that he and his brother met the undercover officer in Maplewood to arrange a sale of methamphetamine and that he served as a translator during the meeting. The district court accepted Hernandez-Espinoza's guilty plea and sentenced him to 96 months of imprisonment. Hernandez-Espinoza appeals.

## D E C I S I O N

## I.  Jurisdiction and Venue

In his principal brief, Hernandez-Espinoza argues that the district court erred by accepting his guilty plea on the ground that the district court, which is located in Hennepin County, did not have jurisdiction over the case because Hernandez-Espinoza's conduct occurred solely in Ramsey County.  In support of that argument, Hernandez-Espinoza's brief cites only one case, *Sykes v. State*, 578 N.W.2d 807 (Minn. App. 1998), *review denied* (Minn. Jul. 16, 1998), which is a case concerning jurisdiction.  In its responsive brief, the state argues that Hernandez-Espinoza's brief "conflates the concepts of 'jurisdiction' and 'venue.'"  The state proceeds to argue that the district court was not lacking jurisdiction, that Hernandez-Espinoza waived the issue of venue by not raising it in the district court, and that Hennepin County was a proper venue in which to prosecute the offense.  In his reply brief, Hernandez-Espinoza asserts that Hennepin County was not "the proper place to charge this crime" and argues that (1) the issue of venue was not waived, and Hennepin County was an improper venue for the prosecution, and (2) his guilty plea is invalid on the ground that the record of the plea hearing does not contain an adequate factual basis for one element of the offense, namely, venue.

We first address the argument that Hernandez-Espinoza made in his principal brief, which plainly is without merit.  The term "jurisdiction" refers to the power of the district court "to hear and decide disputes."  *State v. Simion*, 745 N.W.2d 830, 837 (Minn. 2008) (quotation omitted).  A district court has jurisdiction over a case if "some part of the offense [was] committed within the territorial boundaries of Minnesota."  *Sykes*, 578

3

N.W.2d at 811; *see also* Minn. Stat. § 609.175, subd. 3(4) (2012). It is undisputed that Hernandez-Espinoza and his brother met with an undercover officer in Minnesota to arrange a sale of methamphetamine. Thus, the district court had jurisdiction over this case.

We next turn to the first argument that Hernandez-Espinoza made in his reply brief, that Hennepin County was an improper venue for the prosecution. As a general rule, this court does not consider arguments that are made for the first time in a reply brief. *State v. Yang*, 774 N.W.2d 539, 558 (Minn. 2009); *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 17 (Minn. App. 2013), *review denied* (Minn. Mar. 18, 2014); *Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009). At oral argument, Hernandez-Espinoza's appellate counsel asserted that this argument is the same argument that was presented in Hernandez-Espinoza's principal brief. Counsel's assertion finds some support in the fact that the state, in its responsive brief, argues that Hennepin County was a proper venue. Although the issues of jurisdiction and venue are separate and distinct, *see State v. Smith*, 421 N.W.2d 315, 320 (Minn. 1988), we need not determine whether Hernandez-Espinoza made a venue argument in his principal brief because the venue argument fails for a different reason.

The state contends that Hernandez-Espinoza waived his objection to the venue of the prosecution because he did not object in the district court before he pleaded guilty. The county is correct. A defendant may not challenge the venue of a prosecution on appeal if he did not object to it in the district court. Minn. R. Crim. P. 24, cmt.; *State v. Blooflat*, 524 N.W.2d 482, 484 (Minn. App. 1994). Hernandez-Espinoza pleaded guilty

4

without objecting to the venue of the prosecution. Thus, Hernandez-Espinoza waived his right to challenge the venue of the prosecution on appeal.

We last address the second argument that Hernandez-Espinoza made in his reply brief, that his guilty plea is invalid on the ground that the record of the plea hearing does not contain an adequate factual basis for one element of the offense. *See State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). The caselaw recognizes that venue is an element of every criminal offense and that the state has the burden of proving that element at trial. *State v. Pierce*, 792 N.W.2d 83, 85 (Minn. App. 2010); *State v. Eibensteiner*, 690 N.W.2d 140, 150 (Minn. App. 2004), *review denied* (Minn. Mar. 15, 2005). The caselaw also recognizes that the word "venue" can be used to refer both to the place of a prosecution and to the element that must be proved by the state at trial. *See Eibensteiner*, 690 N.W.2d at 150. Hernandez-Espinoza plainly did not make an argument in his principal brief based on venue in the sense of the element that must be proved by the state at trial. Likewise, the state did not make an argument in its responsive brief on the issue of venue in the sense of the element that must be proved by the state at trial. Accordingly, we may not consider the argument because it was made for the first time in the reply brief. *See Yang*, 774 N.W.2d at 558; *Hunter*, 842 N.W.2d at 17; *Fontaine*, 759 N.W.2d at 679.

## II.  Assistance of Counsel

Hernandez-Espinoza also argues that his guilty plea is invalid on the ground that he received ineffective assistance of counsel when his attorney in the district court did not challenge the district court's jurisdiction. Consistent with our treatment of Hernandez-

Espinoza's other argument, we will interpret his ineffectiveness argument to encompass the absence of an objection to the venue of the prosecution.

To prevail on a claim of ineffective assistance of counsel, Hernandez-Espinoza "must affirmatively prove [1] that his counsel's representation 'fell below an objective standard of reasonableness' and [2] 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). A person alleging a claim of ineffective assistance of counsel "bears the burden of proof on that claim." *State v. Jackson*, 726 N.W.2d 454, 463 (Minn. 2007). To satisfy that burden, an appellant "must do more than offer conclusory, argumentative assertions, without factual support." *See State v. Turnage*, 729 N.W.2d 593, 599 (Minn. 2007).

In this case, Hernandez-Espinoza has not established the first requirement of his ineffectiveness claim, that trial counsel's representation "fell below an objective standard of reasonableness." *See Gates*, 398 N.W.2d at 561 (quotation omitted). The record reveals that the attorney was aware, before the guilty plea, both that the prosecution was venued in Hennepin County and that Hernandez-Espinoza met with his brother and an undercover officer in Ramsey County. The attorney addressed the matter in a colloquy with Hernandez-Espinoza during the plea hearing. In that colloquy, Hernandez-Espinoza acknowledged that he and the attorney had discussed "the issue of jurisdiction [sic] and the fact that your arrangement of the drug deal occurred in Ramsey County," and he further acknowledged that the attorney had answered his questions on the issue. The

6

attorney also asked questions to establish that the drugs at issue were to be sold in Hennepin County. Accordingly, the record indicates that Hernandez-Espinoza's attorney deliberately chose not to challenge the venue of the prosecution for strategic reasons. *See Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007) (reasoning that strategy decisions are not evidence of ineffective assistance). The transcript also gives the impression that Hernandez-Espinoza and his attorney were strategic about which facts to place into the record of the plea hearing, perhaps due to concern for Hernandez-Espinoza's co-conspirators, including his brother. *See id*.

In addition, Hernandez-Espinoza has not established the second requirement of his ineffectiveness claim, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Gates*, 398 N.W.2d at 561 (quotation omitted). Hernandez-Espinoza contends that, but for his counsel's failure to advise him that venue was improper, he would have "moved to dismiss the charge due to lack of jurisdiction [sic]." But Hernandez-Espinoza has not established that a motion challenging venue would have been granted. Such a motion would be meritorious only if the state were not permitted to charge a multi-county conspiracy in any county in which the conspiracy was pursued. We are not aware of any authority for that premise. It appears that the Minnesota appellate courts have not previously considered the issue. We note that the federal caselaw appears to hold uniformly that, "[i]n a conspiracy case, venue is proper in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators even though some of them were never physically present there." *United States v. Banks*, 706 F.3d

901, 904-05 (8th Cir. 2013) (alteration in original) (internal quotations omitted); *accord United States v. Rodriguez-Lopez*, ____ F.3d ____, 2014 WL 2884677, at *5 (5th Cir. June 25, 2014); *United States v. Gonzalez*, 683 F.3d 1221, 1224-25 (9th Cir. 2012). Thus, it seems unlikely that Hernandez-Espinoza would have been successful if he had challenged the venue of the prosecution before pleading guilty.

Furthermore, Hernandez-Espinoza has not established that, even if such a motion had merit, the ultimate result of the prosecution would have been different. For example, if the district court had decided that Hennepin County was an improper venue, the district court could have transferred the case to Ramsey County. *See* Minn. R. Crim. P. 24.03. Hernandez-Espinoza has not attempted to show that a challenge to the venue of the prosecution would have led to a dismissal with prejudice or that he would have been able to secure a better result in Ramsey County.

Thus, Hernandez-Espinoza cannot establish that he received ineffective assistance of counsel in the district court.

### III. *Pro Se* Supplemental Brief

Hernandez-Espinoza filed a *pro se* supplemental brief, in Spanish. This court contracted with a vendor to translate the *pro se* supplemental brief into English to facilitate appellate review. After carefully reviewing the issues raised by Hernandez-Espinoza in his *pro se* supplemental brief, we conclude that the brief does not contain any grounds for reversal.

**Affirmed.**