*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0613**

State of Minnesota,
Respondent,

vs.

John Tyrus Anderson,
Appellant.

**Filed April 15, 2024
Reversed
Kirk, Judge[*]**

Chisago County District Court
File No. 13-CR-20-456

Keith Ellison, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Wheelock, Presiding Judge; Schmidt, Judge; and Kirk, Judge.

**NONPRECEDENTIAL OPINION**

**KIRK**, Judge

On appeal from final judgment, appellant argues that his conviction for financial exploitation of a vulnerable adult in count three of the complaint must be reversed because

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the state failed to prove the venue element beyond a reasonable doubt. Because the state failed to prove venue for count three, we reverse that count only.

## FACTS

Respondent State of Minnesota charged appellant John Tyrus Anderson by complaint in Chisago County with three counts of financial exploitation of a vulnerable adult in violation of Minn. Stat. § 609.2335, subd. 1(1)(ii) (2016).[1] Anderson waived his right to a jury trial and proceeded to a trial on stipulated facts before the court.[2] The following facts derive from Anderson's court trial.

The Social Security Administration appoints representative payees to manage the finances of vulnerable adults. The undisputed evidence shows that Anderson, acting as representative payee, took money from over 20 vulnerable adults to benefit himself and

---

[1] We cite the 2016 statute because it was the version in effect on the first date of the offenses in the complaint. We also note that section 609.2335 was not changed at any relevant point during this case. *Compare* Minn. Stat. § 609.2335 (2016), *with* Minn. Stat. § 609.2335 (2018).

[2] The state claims that Anderson's jury-trial waiver rendered moot the constitutional issue of venue. We first note that we are reviewing whether the state complied with the venue requirements established in statute, not the constitution. We also note that although this court has been persuaded by such a waiver argument in a nonprecedential opinion, *State v. Dahl*, No. A22-1255, 2023 WL 6543296, at *8 (Minn. App. Oct. 9, 2023), *rev. granted and stayed* (Minn. Feb. 28, 2024), the Minnesota Supreme Court has never endorsed such a determination. We are an error correcting court tasked with deciding cases according to existing law, *see Lake George Park, L.L.C. v. IBM Mid-America Employees Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) (stating that "[t]his court, as an error correcting court, is without authority to change the law"), *rev. denied* (Minn. June 17, 1998); *State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010), *rev. denied* (Minn. Sept. 21, 2010) (noting this court is "bound by supreme court precedent and the published opinions of the court of appeals"). We, therefore, are not persuaded by the state's waiver claim.

2

other vulnerable adults. The 482 offenses were aggregated to form the three counts of the complaint.

Count one comprises over 300 offenses, occurring between December 3, 2018, and May 31, 2019. One of the victims listed in count one resides in Chisago County. Count two comprises over 150 offenses, occurring between June 4, 2018, and November 30, 2018. One of the victims listed in count two resides in Chisago County. Count three comprises five offenses, occurring between April 16, 2018, and May 21, 2018. Of the five offenses listed in count three, four occurred outside Chisago County. Two of the offenses occurred in Dakota County, one occurred in Hennepin County, and one occurred in either Anoka or Ramsey County. The record does not indicate where the other count-three offenses occurred. There are three victims related to count three, none of whom reside in Chisago County.

The district court found Anderson guilty as charged and later entered judgment of conviction and sentenced him on all three counts. Anderson appeals, challenging only his count-three conviction.[3]

---

[3] The state claims that Anderson forfeited the issue by failing to challenge venue at the district court. *See* Minn. R. Crim. P. 24.01 cmt. (stating that "[o]bjections to the place of trial are waived unless asserted before commencement of the trial"). We decline to address the issue because failing to bring a rule 24.01 motion "does not relieve the state of its burden of proving venue." *State v. Franklin*, 692 N.W.2d 82, 84 (Minn. App. 2005) (quoting *State v. Blooflat*, 524 N.W.2d 482, 484 (Minn. App. 1994)), *rev. denied* (Minn. Apr. 19, 2005).

## DECISION

Venue is a trial right rooted in the Minnesota Constitution, which provides that "[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law." Minn. Const. art. I, § 6. Minnesota codified the right in a venue statute, which governs the place of criminal trials. Minn. Stat. § 627.01, subd. 1 (2022) (providing that "every criminal cause shall be tried in the county where the offense was committed," except as otherwise provided in the Minnesota Rules of Criminal Procedure). We have explained that section 627.01, subdivision 1, provides the accused with the right to be prosecuted in the county or district where the offense occurred thereby making venue "an essential element of every criminal offense." *State v. Pierce*, 792 N.W.2d 83, 85 (Minn. App. 2010) (citing Minn. Stat. § 627.01, subd. 1 (2008)).

Anderson contends that the evidence is insufficient to sustain his count-three conviction, claiming that the state failed to prove venue. The state urges this court to abandon the practice of treating venue as an element of every criminal offense, claiming it is not an element needing to be proven beyond a reasonable doubt. In the alternative, the state contends that the offenses covered under counts one and two sufficiently prove venue for count three. We begin with the state's claim that venue is not an element of every criminal offense.

The state argues that venue is not an element of every criminal offense, claiming convictions with insufficient venue evidence should not be reversed because the

constitution "guarantees the defendant only a jury from a particular county or district." *State v. Fitch*, 884 N.W.2d 367, 375 (Minn. 2016) (reviewing a constitutional challenge to appellant's jury trial). The state confuses when the sufficiency of venue evidence is challenged with when venue is reviewed following a jury trial for trial error. In *Smith v. United States*, the Supreme Court held that retrial was the proper remedy for improper venue. 599 U.S. 236, 253 (2023) ("The reversal of a conviction based on a violation of the Venue and Vicinage Clauses . . . plainly does not resolve the bottom-line question of criminal culpability." (quotation omitted)). That is, because Smith waged a constitutional challenge to the jury, venue was viewed as a trial error. And although the Minnesota Supreme Court has "never squarely addressed the standard of proof" needed to prove venue, it has never held that the state need not prove venue. *State v. Johnson*, 995 N.W.2d 155, 161 (Minn. 2023) (reviewing a sufficiency challenge to venue and determining that the state proved venue beyond a reasonable doubt). Moreover, we have held that venue is "an essential element of every criminal offense," *Pierce*, 792 N.W.2d at 85, and we are bound to follow our precedent, *Lake George Park*, 576 N.W.2d at 466; *M.L.A.*, 785 N.W.2d at 767 (noting this court is "bound by . . . the published opinions of the court of appeals"). We, therefore, refuse to abandon the practice of treating venue as an element when an appellant presents a sufficiency of the evidence challenge.

The state also contends that the offenses covered under counts one and two sufficiently prove venue for count three. Section 609.2335 provides that financial exploitation of vulnerable adult offenses may be aggregated to form a more serious charge:

> In any prosecution under this section, the value of the money or property or services received by the defendant within any six-month period may be aggregated and the defendant charged accordingly in applying the provisions of subdivision 3; provided that when two or more offenses are committed by the same person in two or more counties, the accused may be prosecuted in any county in which one of the offenses was committed for all of the offenses aggregated under this subdivision.

Minn. Stat. § 609.2335, subd. 4.

This language limits the offenses that can be aggregated to form a more serious charge to those occurring within a six-month period, and it allows the more serious charge to be prosecuted in any county in which one of the aggregated offenses occurred. *Id.* The focus is on the aggregated charge, not the entire case being prosecuted, which can be composed of multiple charges. Section 609.2335, subdivision 4, therefore, does not relieve the state of its duty to prove venue for each count of a complaint charging financial exploitation of a vulnerable adult.

Anderson was charged and convicted of financial exploitation of a vulnerable adult in violation of Minn. Stat. § 609.2335, subd. 1(1)(ii). Section 609.2335, subdivision 5, governs venue for the offense, which provides that financial exploitation of a vulnerable adult "may be prosecuted in: (1) the county where any part of the offense occurred; or (2) the county of residence of the victim or one of the victims."

The state relied on direct evidence to show venue at trial. When considering a sufficiency challenge to a guilty verdict based on direct evidence, we carefully analyze the record to determine whether the evidence, viewed in the light most favorable to the verdict,

6

was sufficient to permit the fact-finder to reach its verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989).

There are five offenses covered by count three. Two of the offenses occurred in Dakota County, one occurred in Hennepin County, one occurred in either Anoka or Ramsey County, and it is unclear where the fifth count-three offense occurred. There is no evidence indicating that any of the three victims reside in Chisago County. Thus, there is no evidence demonstrating that venue for count three was proper in Chisago County. The evidence is, therefore, insufficient to sustain the count-three verdict.

**Reversed.**